UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IREDELL SANDERS,<br><br>  Plaintiff,<br><br>  v.<br><br>ST. JOSEPH COUNTY PROSECUTOR'S OFFICE AND KENNETH P. COTTER,<br><br>  Defendants. | Case No. 3:22-CV-826 JD |

## OPINION AND ORDER

Plaintiff Iredell Sanders, proceeding *pro se*, has sued the St. Joseph County Prosecutor's Office and Kenneth P. Cotter, a prosecutor at the St. Joseph County's Prosecutor's Office, for what appear to be constitutional violations. (DE 1.) Sanders alleges that the St. Joseph County Prosecutor's Office denied him his "right to marriage and to found a family," his "right to work," and his "right to [an] adequate standard of living." (DE 1 at 2.) He also alleges the Prosecutor's Office "has held [him] in Peonage," and has deprived him "of life, liberty, property and equal protection of the laws." (*Id.*) But those general allegations are the extent of Sanders's complaint. He offers no facts to support the allegations or any other details to help the Court properly construe his claims.[1]

Sanders has also moved for leave to proceed *in forma pauperis*, meaning without paying the required filing fee. (DE 2.) Sanders appears financially eligible to proceed *in forma pauperis*, but the Court has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court

---

[1] Sanders filed a nearly identical complaint against the St. Joseph County Child Support Division. (*Sanders v. St. Joseph County Child Support Division*, Case No. 3:22-cv-827 JD, DE 1 (N.D. Ind. 2022). The only difference the Court can discern in the allegations are the defendants being sued.

determines that the complaint "fails to state a claim on which relief may be granted" or that the action "is frivolous or malicious." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Sanders' allegations are clearly deficient based on the relevant pleading standards, primarily because Sanders has provided no supporting facts at all. While the shortcomings of the complaint limit the Court's ability to assess the potential merit of Sanders's *pro se* claims, the Court believes justice requires giving Sanders an opportunity to file an amended complaint because he is proceeding *pro se* and may, with an opportunity to provide more details or name other parties, be able to plead viable claims concerning constitutional harms. Sanders is therefore ordered to file an amended complaint and should name any individuals or entities responsible for his claims as defendants (unless they are legally immune) and must describe his interactions with each defendant in detail, including names, dates, locations, and an explanation of how each defendant was responsible for violating his federal rights. In particular, Sanders should be specific about what wrongs the Defendants caused him and why those wrongs constitute actionable conduct. In addition, Sanders should know that "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Put simply, after filing an amended complaint, the original complaint has no importance.

The Court also notes that, to the extent Sanders is suing Cotter based on his conduct as prosecutor, Cotter would have absolute immunity. *Bianchi v. McQueen*, 818 F.3d 309, 317 (7th Cir. 2016) ("McQueen is protected by absolute immunity to the extent that the claims against him are premised on his conduct as a prosecutor."). Additionally, because a Prosecutor's Office is a state agency, the doctrine of sovereign immunity would preclude Plaintiff's suit against it. *Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) ("Under the circumstances, suing the Prosecutor's Office — a state agency — is akin to suing the State of Indiana itself [and therefore] the doctrine of sovereign immunity precludes Plaintiff's suit.").

For the reasons stated above, the Court:

(1)  DISMISSES the complaint (DE 1);

(2)  TAKES the *in forma pauperis* petition (DE 2) under advisement;

(3)  GRANTS Sanders to and including October 20, 2022, to file an amended complaint; and

(4)  CAUTIONS Sanders that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: September 29, 2022

                                              /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court