UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IREDELL SANDERS,

    Plaintiff,

    v.

ST. JOSEPH COUNTY PROSECUTOR'S
OFFICE AND KENNETH P. COTTER,

    Defendant.

Case No. 3:22-CV-826 JD

## OPINION AND ORDER

Plaintiff Iredell Sanders, proceeding pro se, has filed an amended complaint against the St. Joseph County Prosecutor's Office and Kenneth P. Cotter, alleging constitutional violations tied to certain payments Mr. Sanders believes he is required to make and certain police "tails" that he believes were improper. (DE 4.) The Court dismissed Mr. Sanders's original complaint without prejudice because it did not include any facts that could support his constitutional claims. It also took Mr. Sanders's simultaneously filed motion to proceed in forma pauperis under advisement and gave Mr. Sanders an opportunity to file an amended complaint that fixed the pleading issues the Court noted in his first complaint. (DE 3 at 3.) Mr. Sanders's amended complaint repeats the allegations from his original complaint that the St. Joseph County Prosecutor's Office attempted to put Mr. Sanders into peonage, but once again fails to clearly allege sufficient facts in support of that claim or show that Mr. Sanders's claims are anything more than frivolous. (DE 4.) For that reason, the Court finds dismissal appropriate.

When reviewing a motion to proceed in forma pauperis, the Court has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that the complaint

"fails to state a claim on which relief may be granted" or that the action "is frivolous or malicious." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with prejudice if the plaintiff has "demonstrated [his] inability to file a lucid complaint." *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

While Mr. Sanders's amended complaint includes some factual allegations, the pleading itself is vague, confusing, and lacks the necessary cohesion that would allow the Court to conclude Mr. Sanders has stated a viable claim. The Court, to the best of its ability, interprets the complaint as alleging that the St. Joseph Prosecutor's Office has had him tailed on multiple occasions, even though he did not commit any crimes, and that he has been subjected to peonage by the St. Joseph Child Support Division because the Division has sent him letters advising him he owes money and that court proceedings will be brought against him if he does not pay. (DE 4-1.) However, as it relates to the tail, Mr. Sanders has not alleged that this tail took place outside of Mr. Cotter's conduct as prosecutor. *See Bianchi v. McQueen*, 818 F.3d 309, 317 (7th Cir. 2016) ("McQueen is protected by absolute immunity to the extent that the claims against him are premised on his conduct as a prosecutor."). Therefore, Mr. Cotter is immune from prosecution. Additionally, as the Court explained in its prior order, because a Prosecutor's Office is a state agency, the doctrine of sovereign immunity precludes Plaintiff's suit against it. *Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) ("Under the circumstances, suing the Prosecutor's Office — a state agency — is akin

to suing the State of Indiana itself [and therefore] the doctrine of sovereign immunity precludes Plaintiff's suit."). Finally, as it relates to the letter from the St. Joseph Child Support Division, Mr. Sanders has not alleged that he does not actually owe the St. Joseph Child Support Division payments and has given no explanation for why the Court should view the Division's efforts as an attempt to subject him to peonage. (DE 4 at 2–4.) To the extent that Mr. Sanders also intended to assert additional claims, those claims are not readily apparent in his pleading.

After reviewing Mr. Sanders's amended complaint, the Court finds that Mr. Sanders has failed to state a claim upon which relief could be granted and has presented what appear to be frivolous claims. *See Iqbal*, 556 U.S. at 678. Further, given that Mr. Sanders, after being given an opportunity to re-plead his claims, (DE 3 at 2–3), has once again failed to state a valid claim in his amended complaint, the Court finds it appropriate to deny Mr. Sanders's IFP motion and dismiss Mr. Sanders's case with prejudice. *See Loubser*, 440 F.3d at 443 (recognizing dismissal with prejudice is proper if the plaintiff has "demonstrated [his] inability to file a lucid complaint").

For the foregoing reasons, the Court DENIES Plaintiff Iredell Sanders's motion to proceed in forma pauperis (DE 2) and DISMISSES his case with prejudice.

SO ORDERED.

ENTERED: November 8, 2022

                                               /s/ JON E. DEGUILIO
                                               Chief Judge
                                               United States District Court